IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES RAY WARD, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer JENNISE LAGAIL MAYS, *Et al.*, | : | NO. 5:14-CV-291 (MTT) |
| Defendants | : | |
| _____: | | **O R D E R** |

Plaintiff **JAMES RAY WARD**, an inmate at Georgia Diagnostic and Classification Prison ("GD&CP"), filed this 42 U.S.C. § 1983 lawsuit (Doc. 1).

As this Court ordered on September 17, 2014 (Doc. 6), Plaintiff has paid the initial partial filing fee of $10.93. He will be obligated to pay the unpaid balance of $339.07, using the installment payment plan described in 28 U.S.C. § 1915(b). The account custodian at GD&CP shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager at GD&CP.

In its September 17 Order, the Court also directed Plaintiff to supplement his complaint, which he has done (Doc. 7). The allegations in Plaintiff's original complaint and supplement are addressed below.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); **see also Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.  **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  **Tannenbaum v. United**

***States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation).  ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.   BACKGROUND

This action arises out of Plaintiff's attack by another inmate at GD&CP on August 5, 2012.  According to Plaintiff, his attacker, Defendant Reinaldo Rivera, convinced Defendant Officer Jennise LaGail Mays to "let him out" for hot water.  Once out, Rivera came to Plaintiff's cell and attacked Plaintiff from behind.  Plaintiff was immediately taken to the hospital where he received treatment for his injuries.  Mays purportedly "admitted she was at fault by letting inmate Rivera out."

Following the assault, Defendant Unit Manager B.D. Scott allegedly ordered Defendant Sergeant Timothy Konzelman to "write" Plaintiff up "so the prison could recoup the damages [] I caused inmate Rivera who was at fault."  Konzelman allegedly filed a disciplinary report against Plaintiff, notwithstanding that Konzelman had seen a tape

showing that Rivera "was clearly in the wrong." Plaintiff's allegations regarding the disciplinary proceeding are sketchy at best. Scott apparently was the disciplinary hearing officer and ordered that $149.57 be taken from Plaintiff's inmate account. Plaintiff's account was allegedly frozen for 17 months. Plaintiff's only objection to the disciplinary proceeding is that Scott had a conflict of interest in both ordering that Plaintiff be written up and "being judge and jury."

In addition to Rivera, Mays, Scott, and Konzelman, Plaintiff names Warden Bruce Chatman as a Defendant. Notwithstanding the Court directing Plaintiff to do so in its Order to supplement, Plaintiff fails to state any actions or omissions on the part of Chatman.

## III. DISCUSSION

### A. Inmate Reinaldo Rivera

As this Court previously informed Plaintiff, a fellow inmate is not a state actor capable of being sued under section 1983. **See, e.g., Simonton v. Tennis**, 437 F. App'x 60, 62 (3d Cir. July 13, 2011) (inmates are not state actors). Inmate Rivera is therefore not a proper defendant in this action.

### B. Warden Bruce Chatman

As noted above, Plaintiff makes no allegations whatsoever against Warden Chatman. He thus clearly has not stated a colorable claim against Chatman. **See Douglas v. Yates,** 535 F.3d 1316, 1322 (11th Cir. 2008) (citing **Pamel Corp. v. P.R. Highway Auth**., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Moreover, Warden Chatman cannot be held liable in this action solely by virtue of his supervisory position. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." **Hartley v. Parnell**, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted). A supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." **Gross v. White**, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing **Goebert v. Lee County**, 510 F.3d 1312, 1331 (11th Cir. 2007)). Plaintiff has not alleged any of the above prerequisites for supervisory liability on the part of Warden Chatman.

### C.   *Officer Jennise LaGail Mays*

It is well-settled that prison officials have a duty to protect inmates from violence at the hands of other prisoners. **Farmer v. Brennan**, 511 U.S. 825, 833 (1994). Not every instance of inmate-on-inmate violence, however, rises to the level of a constitutional violation. **Smith v. Regional Director of Florida Dept. of Corrections**, 368 F. App'x 9 at *13-14 (11th Cir. Feb. 10, 2010). It is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to any inmate [that] violates the Eighth Amendment." **Farmer**, 511 U.S. at 828. To state a cognizable failure to protect claim under the Eighth Amendment, the prisoner must allege: (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. **Goodman v. Kimbrough**, 718 F.3d 1325, 1331 (11th Cir. 2013). "The known risk of injury must be a strong likelihood, rather than a mere possibility before a

guard's failure to act can constitute deliberate indifference." **Brown v. Hughes**, 894 F.2d 1533, 1537 (11th Cir.1990) (citations and quotations omitted).   Negligent acts do not give rise to section 1983 liability.  **Hernandez v. Florida Dept. of Corrections**, 281 F. App'x 862, 866 (11th Cir. 2008).

Plaintiff has failed to allege deliberate indifference on the part of Mays.   In its September 17, 2014, Order, the Court specifically directed Plaintiff to include in his supplement "any facts suggesting that [Mays] knew of the danger Rivera posed to Plaintiff."   Plaintiff failed to allege any such facts.   Instead, even liberally construed in Plaintiff's favor, his allegations support a mere negligence claim against Mays, which is not actionable under section 1983.

Plaintiff has thus failed to allege an Eighth Amendment claim against Mays.

### D.   *Sergeant Timothy Konzelman and Unit Manager B.D. Scott*

Plaintiff appears to allege that Konzelman and Scott violated his due process rights in connection with a disciplinary charge, which resulted in $149.57 being taken from Plaintiff's inmate account and the account being frozen for 17 months.   As this Court recognized in **Rogers v. Johnson**, 5:12-cv-318 (MTT) at * 4-5 (M.D. Ga. Aug. 1, 2013):

> Neither the United States Supreme nor the Eleventh Circuit Court of Appeals has specifically addressed whether a prisoner has a protected property interest in funds removed from his prison account.   **See Watson v. Thomas**, No. 1:12-cv-216-IPJ-RRA, 2012 WL 6755059 at *4 (N.D. Ala. Oct. 31. 2012).   In another context, however, the United States Supreme Court has explained a prison disciplinary action may deprive a prisoner of constitutionally protected interest (1) if the punishment "will inevitably affect the duration of his sentence;" or (2) if the punishment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."   **See Sandin v. Conner**, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995).   One Circuit Court has extended this approach to prisoner property interests as well.   **See e.g., Watson** [ ] at * 4 [ ] (**citing Clark v. Wilson**, 625 F.3d 686, 691 (10th Cir. 2010); **Moncla v. Kelley**, 430

F. App'x 714 (10th Cir. 2011)).  Under this approach, a prisoner would have a protected property interest in funds removed from his prison account only if the "deprivation imposes atypical and significant hardship on him in relation to the ordinary incidents of prison life."  **Id.**

Even if **Sandin** were extended to property deprivation claims and the alleged deprivations in the instant cases constituted "atypical and significant hardship," Plaintiff has failed to state a colorable due process claim.  His only objection to his disciplinary hearing is that Defendant Scott had a conflict of interest.  Plaintiff does not allege the absence of any of the elements required for a disciplinary hearing to satisfy the minimum due process standards, *i.e.*, "(1) advance written notice of the charges against [him]; (2) an opportunity ... to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action."  **O'Bryant v. Finch**, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing **Wolff v. McDonnell**, 418 U.S. 539, 563-67 (1974)).

Finally, as this Court stated in **Rogers**, "even if Plaintiff *was* denied due process *before* the funds were removed from his account, it is well-settled that the Due Process Clause is not offended when a state employee intentionally deprives a prisoner of his property—so long as the state provides him with a meaningful *post*-deprivation remedy." **Rogers** at *6 (***citing Hudson v. Palmer***, 468 U.S. 517, 533 (1984)).  The State of Georgia provides an adequate postdeprivation remedy for Plaintiff's loss of property. ***See*** O.C.G.A. § 51-10-1 (providing that the "owner of personalty is entitled to its possession.  Any deprivation of such possession is a tort for which an action lies"); **Romano v. Georgia Dep't of Corr.**, 303 Ga. App. 347, 693 S.E. 2d 251, 524 (2010)

(prisoner stated claim under O.C.G.A. § 51-10-1 for unlawful confiscation of property by prison officials); **Grant v. Newsome**, 201 Ga. App. 710, 710 (1991) (prisoner who claimed that warden improperly froze his inmate account presented cognizable conversion claim).   **See also Lindsey v. Storey**, 936 F.2d 554, 561 (11th Cir. 1991) (finding no procedural due process violation because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1; **Byrd v. Stewart**, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (recognizing that O.C.G.A. § 51-10-1 provides an adequate post-deprivation remedy for seizure and retention of property without due process of law).

Thus, even liberally construing Plaintiff's allegations, he has failed to state a colorable deprivation of property claim against Defendants Konzelman and Scott.

## IV.   CONCLUSION

In light of the foregoing, the instant lawsuit is hereby **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 9th day of October, 2014.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

cr